# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. HULBURD, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-01054-AWI-YNP-SMS PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT, OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Jose Robles ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California. Plaintiff names Dr. Hulburd, Dr. Bopari, L.V.N. McCant, Dr. Bressington, G. Shiety, Golden State Eye Medical Group, the California Department of Corrections and Rehabilitations, Ellen Greenman (chief medical officer), Avenal State Prison, and Paula Rauson (director of nursing) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims. Plaintiff will be ordered to either (1) file an amended complaint that cures the deficiencies in his claims, or (2) notify the Court that he wishes to proceed only on the claims found to be cognizable in this order.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff claims that Defendants provided deficient medical care for Plaintiff's eye condition.[1] Plaintiff was originally referred to an eye specialist to repair his iris on June 18, 2002. Plaintiff received surgery in his right eye in October 2003 by the Golden State Eye Medical Group. Plaintiff claims that the lense in his right eye was improperly implanted and it caused Plaintiff's vision to

---

[1] Plaintiff's complaint is hand-written, difficult to read, and the facts are not presented in chronological order. The Court attempts to reproduce the facts in chronological order to the best of its ability.

1 deteriorate.

2  On July 18, 2005, Defendant Bressington referred Plaintiff to an ophthalmologist. Plaintiff was seen on November 9, 2005. It was recommended that Plaintiff receive surgery. Plaintiff complains that the California Department of Corrections and Rehabilitation refused to schedule Plaintiff for surgery. On December 9, 2005, Plaintiff was referred to the U.S.C.D. Medical Center by Defendant Shiety.[2] On December 15, 2005, Plaintiff was seen by Dr. Whittlesey at U.S.C.D. Medical Center. Plaintiff was told that he has glaucoma due to the dislocated implant.

 On May 5, 2008, Plaintiff was seen by Dr. Froazolo. Plaintiff was told that the iris in his right eye was very damaged and that he had a "dislocated implant." Plaintiff was told that "old implantation R eye dislocated." Plaintiff was told that "the surgery was the cause of this as it was performed improperly."

 On October 1, 2008, Plaintiff filed a "602" grievance to see an eye specialist because Plaintiff could not see out of his right eye. On December 14, 2008, Plaintiff was seen by Defendant Hulburd. Plaintiff complains that Hulburd "would not document the extent of the damage in the findings section."

 On January 23, 2009, Plaintiff was seen by Hulburd again. Plaintiff told Hulburd that he wanted his vision fixed because of the "defective surgery." Plaintiff asked about corrective surgery. Plaintiff was told that he could not receive the surgery because he is an inmate and he is "stuck with the results." On March 13, 2009, Plaintiff was seen again by Defendant Hulburd. Plaintiff asked again for corrective surgery and was denied again. Plaintiff complains that he is going blind because he cannot receive the required surgery. On March 26, 2009, Plaintiff received a director's level response stating that "no changes or modifications are required by the institution."

**III.    Discussion**

    **A.    Claims Against CDCR and ASP**

Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") and Avenal State Prison ("ASP") as defendants. Plaintiff's claims against CDCR and ASP are barred

---

[2] Plaintiff indicates that "G. Shiett" was "not legible," suggesting that his/her name may be misspelled.

by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 267 (1997). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.), amended by 127 F.3d 1135 (9th Cir. 1997); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); cf. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988) (stating that Eleventh Amendment requires examination of the complaint and relief sought to determine whether the state is the "real party in interest").

CDCR is a state agency entitled to Eleventh Amendment immunity. ASP is a prison that is a part of CDCR and is also entitled to immunity under the Eleventh Amendment. Plaintiff may not sue either entity in a section 1983 action.

**B.    Eighth Amendment Claims**

Plaintiff is suing Defendants for providing inadequate medical care for his eye condition, implicating Plaintiff's rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth

4

Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).  The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105.  In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant.  Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain.  Id.  A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  Id.  In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.  However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920

5

F.2d 614, 617 (9th Cir. 1990).

Plaintiff claims that Defendant Bressington referred Plaintiff to an ophthalmologist on July 14, 2005. Plaintiff claims that Defendant G. Shiety referred Plaintiff to the U.S.C.D. Medical Center on December 9, 2005. It is unclear how Bressington and Shiety's actions were deliberately indifferent to Plaintiff's medical needs. Plaintiff does not explain how making the referral caused Plaintiff to suffer serious injury or exposed Plaintiff to any serious risk of harm. Plaintiff does not allege that Bressington or Shiety caused Plaintiff's condition to become worse or prevented Plaintiff from receiving surgery to his eye. Plaintiff fails to state any claims against Defendants Bressington or Shiety.

Plaintiff's complaint contains no allegations as to what Defendants Bopari, McCant, Greenman, or Rauson did or failed to do to cause Plaintiff injury. Plaintiff's complaint lacks any factual allegations regarding these Defendants. It is unclear how these Defendants are liable for Plaintiff's injuries. In order to state a claim against these Defendants, Plaintiff must demonstrate how their actions caused Plaintiff to suffer injury. Plaintiff fails to state any claims against Defendants Bopari, McCant, Greenman, or Rauson.

Plaintiff claims that Defendant Golden State Eye Medical Group performed surgery on Plaintiff's right eye in October 2003. Plaintiff claims that the eye surgery was done incorrectly. However, section 1983 does not provide a cause of action for negligence or medical malpractice. Section 1983 only provides a cause of action for inadequate medical treatment if it rises to the level of deliberate indifference. Plaintiff has not alleged any facts that suggest that Golden State Eye Medical Group acted with deliberate indifference when it performed surgery on Plaintiff's right eye. In order to rise to the level of deliberate indifference, Plaintiff must allege facts that demonstrate that Golden State Eye Medical Group was aware of a serious risk of harm to Plaintiff and deliberately disregarded that risk. In the context of Plaintiff's allegations, Plaintiff must allege facts that show that Golden State Eye Medical Group was aware that the surgery was performed incorrectly, or were otherwise aware that its actions exposed Plaintiff to a serious risk of harm. Plaintiff has, at most, alleged that the botched surgery was an accident. Section 1983 does not provide a cause of action for negligent medical accidents. Plaintiff fails to state any claims against Golden State Eye Medical

Group.

Plaintiff claims that Defendant Hulburd refused to provide Plaintiff with surgery that would have prevented Plaintiff from going blind. Plaintiff alleges that the only reason that Hulburd refused to provide Plaintiff with the surgery was because Plaintiff was an inmate. Accepting the allegations as true, Plaintiff states a cognizable claim against Defendant Hulburd for violating Plaintiff's rights under the Eighth Amendment.

### C.     Use of Exhibits

Plaintiff has attached approximately 46 pages of exhibits to his complaint. Many exhibits are illegible. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable

claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff--the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

## IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendant Hulburd for deliberate indifference toward Plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other

///

words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Hulburd for deliberate indifference toward Plaintiff's serious medical needs; and

///

///

9

///

      3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **April 12, 2010**                       **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE