IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ROBLES,

       Plaintiff,                1:09 CV 01054 AWI MJS (PC)

   vs.                            FINDINGS AND RECOMMENDATION
                                    THAT THIS ACTION BE DISMISSED FOR
                                    FAILURE TO PROSECUTE

DR. HUBBARD, et al.,

       Defendants.

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to this Court pursuant to 28 U.S.C. §(b)(1)(B).

       On April 13, 2010, an order was entered directing plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on claims found to be cognizable. Plaintiff was cautioned that his failure to comply would result in dismissal for failure to obey a court order. Plaintiff has not filed any response to that April 13, 2010 order.

       Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power

1  to control their dockets and "in the exercise of that power, they may impose sanctions including,
2  where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th
3  Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute
4  an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.
5  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v.
6  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
7  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
8  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
9  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
10 for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
11 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

   In determining whether to dismiss an action for lack of prosecution, failure to obey a
court order, or failure to comply with local rules, the court must consider several factors: (1) the
public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;
Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
46 F.3d at 53.

   Here, the Court finds that the public's interest in expeditiously resolving this litigation
and the court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises
from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542
F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on
their merits -- is outweighed by the above factors favoring dismissal. The court's warning to a
party that his failure to obey the court's order will result in dismissal satisfies the "consideration

1 of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33;
2 <u>Henderson</u>, 779 F.2d at 1424.
3          Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
4 plaintiff's failure to obey a court order.
5          These findings and recommendations are submitted to the United States District Judge
6 assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

14 IT IS SO ORDERED.
15 Dated:   May 28, 2010                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE